# TIFFANY & BOSCO
### P.A.

**2525 EAST CAMELBACK ROAD**
**THIRD FLOOR**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Secured Creditor

09-28357

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:09-bk-23475-SSC |
| Benny Leland Cotter and Judy Webster Cotter | Chapter 11 |
| Debtors. | OBJECTION TO CHAPTER 11 PLAN AND DISCLOSURE STATEMENT |
| CitiMortgage, Inc. | |
| Secured Creditor, | |
| vs. | |
| Benny Leland Cotter and Judy Webster Cotter, Debtors; Office of the US Trustee, Trustee. | |
| Respondents. | |

CitiMortgage, Inc., a secured creditor, by its attorneys, TIFFANY & BOSCO, P.A., hereby objects to the proposed Chapter 11 Plan and Disclosure Statement filed by the Debtors. This Objection is supported by the following Memorandum of Points and Authorities.

….

….

Dated this 12th day of April, 2010.

                                      Respectfully submitted,

                                      TIFFANY & BOSCO, P.A.

                                      By /s/ MSB #010167
                                                Mark S. Bosco
                                                Leonard J. McDonald
                                                Attorneys for Movant

## MEMORANDUM OF POINTS AND AUTHORITIES

CitiMortgage, Inc., files this response to the proposed 11 Plan of the Debtors. The Chapter 11 Plan provides for an impermissible cram down of CitiMortgage, Inc.'s lien interest on the real property commonly known as 1426 S. Doran, Mesa AZ 85204.

     CitiMortgage, Inc., objects to the value of the subject real property as the Debtors arbitrarily propose that the fair market value of Secured Creditor's claim is $50,000.00 without providing any legal or factual authority for such capricious treatment. Such modification is simply not supported by the Bankruptcy Code or the facts of this case. The proposed Plan appears to attempt to cram-down Secured Creditor's claim by scheduling or providing for a total claim to Secured Creditor in the amount of $50,000.00, while in fact the total claim owed to Secured Creditor is in the amount of $77,067.11. The Plan proposes monthly payments of $392.45 per month with a 5.5% interest rate. The remaining portion of the claim, approximately $27,368.00, is to be treated as a General Unsecured Claim. The Plan proposes to pay the secured claim at an interest rate of 5.5%, which is not reasonable under current conditions and in light of the Debtors' past non-payment history.

     Further, Secured Creditor objects to the proposed sale terms as provided in Debtors' "Plan" to the potential future sale of the property. In the instant, Debtors' cannot provide any escrow documents to assure Movant that the future sale of the property will provide a complete and full payoff of principal,

interest, late charges, attorneys' fees and costs, and such other costs, including but not limited to, advances made by beneficiary for taxes and insurance, if applicable, good through the date the loan is paid off. Nor can the Debtors' provide evidence of the property value over a five year period. Currently, Secured Creditor is 100% secured and cannot agree in the present what the property status could be in the future. At such time as Debtors can provide Secured Creditor with documentation which indicates a full payoff of principal, interest, late charges, attorneys' fees and costs, and such other costs, including but not limited to, advances made by beneficiary for taxes and insurance, if applicable, good through the date the loan is paid off, Secured Creditor will re-evaluate their position at that time.

## CONCLUSION

Any Chapter 11 Plan proposed by the Debtor(s) must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that the confirmation of the Chapter 11 Plan as proposed by the Debtor(s) be denied, or in the alternative, be amended to provide for full payoff of the arrearages owed to the Secured Creditor.

WHEREFORE, secured creditor prays as follows:

(1) That the 11 Plan be denied.

(2) For such other relief as this Court deems proper.

DATED this 12th day of April, 2010.

Respectfully submitted,

TIFFANY & BOSCO, P.A.

BY  /s/ MSB # 010167
    Mark S. Bosco
    Leonard J. McDonald
    Attorneys for Secured Creditor

COPY of the foregoing mailed
April 12, 2010 to:

Benny Leland Cotter and Judy Webster Cotter
3834 E. Clovis Avenue
Mesa, AZ 85206
Debtors

William R. Richardson
1745 South Alma School Rd.
Suite 100
Mesa, AZ 85210-3010
Attorney for Debtors

Office of the US Trustee
230 North First Ave.
Suite 204
Phoenix, AZ 85003
Trustee

By: Nicole E. Harrison